UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORDIA

FOUNTAIN PARKE AT LAKE MARY
RESIDENTIAL HOMEOWNERS
ASSOCIATION, INC., a Florida non-profit
corporation, as assignee of ASHTON ORLANDO
RESIDENTIAL, LLC, d/b/a ASHTON WOODS
HOMES,

        Plaintiff,

v.

AMERISURE INSURANCE COMPANY, a foreign
corporation; GEMINI INSURANCE COMPANY, a
foreign corporation; KNIGHT SPECIALTY
INSURANCE COMPANY, a foreign corporation;
MID-CONTINENT CASUALTY COMPANY, a
foreign corporation; PENNSYLVANIA
LUMBERMENS MUTUAL INSURANCE
COMPANY, a foreign corporation; SOUTHERN-
OWNERS INSURANCE COMPANY, a foreign
corporation; UNITED SPECIALTY INSURANCE
COMPANY, a foreign corporation; WESTFIELD
INSURANCE COMPANY, a foreign corporation,

        Defendants.
_____/

CASE NO.:

## NOTICE OF REMOVAL

AMERISURE INSURANCE COMPANY ("Amerisure"), by and through its undersigned counsel, removes this action from the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida, to the United States District Court for the Middle District of Florida, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support, Amerisure states as follows:

**I.    Background**

    1.    Fountain Parke at Lake Mary Residential Homeowners' Association, Inc., as assignee of Ashton Orlando Residential, LLC , d/b/a Ashton Woods Homes ("Fountain Parke") initiated this action on April 15, 2021, by filing a Complaint against Amerisure and the other

named defendants in the Circuit Court for the Eighteenth Judicial Circuit, in and for Seminole County, Florida entitled *Fountain Parke at Lake Mary Residential Homeowners' Association, Inc., as assignee of Ashton Orlando Residential, LLC, d/b/a Ashton Woods Homes v. Amerisure Insurance Company, et al.*, Case No. 2021-CA-001026 ("State Court Action"). A copy of the Complaint and all documents filed in the State Court Action as of the time of this filing are attached to this Notice of Removal as Exhibit "A".

2. The Complaint and Summons directed at Amerisure were served on the Chief Financial Officer of the State of Florida on May 14, 2021, and subsequently served on Amerisure on May 19, 2021.

3. In the Complaint, Fountain Parke alleges that Amerisure and the other defendants owe Fountain Parke indemnity for a settlement entered into in an action entitled *Fountain Parke at Lake Mary Residential Homeowners' Association, Inc. v. Ashton Orlando Residential, L.L.C.*, Case No. 2018-CA-002194, in the Circuit Court for the Eighteenth Judicial Circuit, in and for Seminole County, Florida ("Underlying Action") to this case in response to allegations of construction defects in the construction of a project consisting of residential townhome buildings in Lake Mary, Florida.

4. The Circuit Court of Seminole County, Florida, the court in which this action is pending, is located within the jurisdiction of the United States District Court for the Middle District of Florida, Orlando Division.

5. Amerisure now removes the complaint filed against it by Fountain Parke from the Circuit Court for the Eighteenth Judicial Circuit, in and for Seminole County, Florida, to the United States District Court for the Middle District of Florida, based on diversity of citizenship, 28 U.S.C. § 1332. Specifically, as stated in further detail below, the matter in controversy exceeds

the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

6. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Circuit Court for the Eighteenth Judicial Circuit, in and for Seminole County, Florida.

## II. Amount in Controversy

7. When a plaintiff fails to allege a specific amount of damages in the Complaint, a defendant may establish the likelihood that plaintiff's claims exceed $75,000, exclusive of interest and costs. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F. 3d 744, 754 (11th Cir. 2010).

8. Though Plaintiff does not allege a specific amount in controversy in the State Court Action, the plaintiff Fountain Parke in that action sought damages from Ashton Orlando Residential, L.L.C. that were allegedly caused by construction defects at the townhome project in Lake Mary, Florida. The Underlying Action alleged millions of dollars of property damage, and Fountain Park seeks the settlement amount, which is subject to a confidential settlement agreement, from the defendants in this action. Based on the nature of the Underlying Action's allegations and settlement, the indemnity of the Underlying Action is in excess of $75,000, exclusive of interest and costs, and this case is removable pursuant to 28 U.S.C. §§ 1332 and 1441.

## III. Diversity of Citizenship

9. At the time of commencement of this action, Plaintiff Fountain Parke was a Florida corporation with its principal place of business in Florida, and was operating in the Middle District of Florida, within the Orlando Division (Complaint, ¶3). Fountain Parke filed its Complaint as assignee of Ashton Orlando Residential LLC, a Nevada LLC, which has one member, Ashton Woods USA LLC, a Nevada LLC which has four members, three are citizens of Ontario, Canada (Harry Rosenbaum, Bruce Freeman and Seymour Joffe), and one is a citizen of Georgia (Ken

3

Balogh) (based on information obtained on the website of the Florida Secretary of State).

10. At the time of commencement of this action, Defendant Amerisure was incorporated under the laws of Michigan and had its principal place of business in Michigan, and was operating in the Middle District of Florida, within the Orlando Division (*see also* Complaint, ¶4).

11. At the time of commencement of this action, Defendant Gemini Insurance Company was incorporated under the laws of Delaware and had its principal place of business in Connecticut, and was operating in the Middle District of Florida, within the Orlando Division (based on information obtained on the website of the Florida Secretary of State; *see also* Complaint, ¶5).

12. At the time of commencement of this action, Defendant Knight Specialty Insurance Company was incorporated under the laws of Delaware and had its principal place of business in California, and was operating in the Middle District of Florida, within the Orlando Division (based on information obtained on the website of the Florida Secretary of State; *see also* Complaint, ¶6).

13. At the time of commencement of this action, Defendant Mid-Continent Casualty Company was incorporated under the laws of Ohio and had its principal place of business in Oklahoma, and was operating in the Middle District of Florida, within the Orlando Division (based on information obtained on the website of the Florida Secretary of State; *see also* Complaint ¶7).

14. At the time of commencement of this action, Defendant Pennsylvania Lumbermens Mutual Insurance Company was incorporated under the laws of Pennsylvania and had its principal place of business in Pennsylvania, and was operating in the Middle District of Florida, within the Orlando Division (based on information obtained on the website of the Florida Secretary of State; *see also* Complaint, ¶8).

15. At the time of commencement of this action, Defendant Southern-Owners Insurance Company was incorporated under the laws of Michigan and had its principal place of business in Michigan, and was operating in the Middle District of Florida, within the Orlando Division (based on information obtained on the website of the Florida Secretary of State; *see also* Complaint ¶9).

16. At the time of commencement of this action, Defendant United Specialty Insurance Company was incorporated under the laws of Delaware and had its principal place of business in Delaware, and was operating in the Middle District of Florida, within the Orlando Division (based on information obtained on the website of the Florida Secretary of State; *see also* Complaint ¶10).

17. At the time of commencement of this action, Defendant Westfield Insurance Company was incorporated under the laws of Ohio and had its principal place of business in Ohio, and was operating in the Middle District of Florida, within the Orlando Division (based on information obtained on the website of the Florida Secretary of State; *see also* Complaint ¶11).

18. The matter in controversy in this action is thus between citizens of different states pursuant to 28 U.S.C. § 1441(b).

**IV.   Consent to Removal By Defendants Who Have Been Served With Summons and Complaint in This Action**

19. As of the filing of this Notice of Removal, the docket in the Underlying Action does not indicate that any other Defendants have been served, thus all served Defendants, Amerisure, consent to the removal of this case to this Court.

**V.   Procedural Requirements**

20. In accordance with 28 U.S.C. §1446(a)-(c), Amerisure's Notice of Removal has been filed within thirty (30) days of notice of the Complaint seeking relief against it.

21. Written notice of the filing of this Notice of Removal is being given promptly to

Plaintiff by service hereof.

22. True and legible copies of all "process, pleadings, and orders," as required by 28 U.S.C. §1446(a), served upon Amerisure in this action are submitted herewith. *(See* Exhibit "A").

23. A copy of this Notice of Removal is being promptly filed with the State Court of Seminol County, Florida, as required by 28 U.S.C. §1446(d).

**V.    Memorandum of Law**

The statutory requirements for removal of the present matter from state court to the United States District Court for the Middle District of Florida, Orlando Division, have been met. Any civil action brought in state court may be removed by the defendant(s) to federal court, in the district and division embracing the place where such action is pending, if the action could have originally been brought in federal court. *See* 28 U.S.C. §1441(a); *Ayres v. General Motors Corp.,* 234 F. 3d 514, 517 (11th Cir. 2000); *Rudnick v. Sears, Roebuck and Co.,* 358 F. Supp. 2d 1201, 1204 (S.D. Fla. 2005). To remove an action based on diversity jurisdiction, none of the properly joined and served defendants can be a citizen of the state in which the action is brought. *See* 28 U.S.C. §1441; 28 U.S.C. §1332(a). The matter in controversy must be between citizens of different states. *See* 28 U.S.C. §1332(a). Furthermore, the amount in controversy in a diversity action must exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. §1332(a). When the subject matter jurisdiction requirements of 28 U.S.C. §1332 are met, that is to say, the parties are of diverse citizenship and the amount in controversy exceeds $75,000 exclusive of interest and costs, the only remaining question is whether the removing party has satisfied the procedural requirements for removal. According to 28 U.S.C. §1446(b), "notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial

pleading setting forth the claim for relief upon which such action or proceeding is based . . . . 28 U.S.C. §1446(b); *see also Liebig v. DeJoy,* 814 F. Supp. 1074 (M.D. Fla. 1993).

The defendant seeking removal bears the initial burden of alleging federal jurisdiction. *See Wright v. Continental Casualty Co.,* 456 F. Supp. 1075, 1078 (M.D. Fla. 1978). Here, Amerisure has met the statutory requirements for removal of this action to federal court; therefore, removal is proper and appropriate. First, there is complete diversity of citizenship among the parties. Plaintiff Fountain Parke is a citizen of the States of Florida, Nevada, Georgia, and the Province of Ontario, Canada, while Defendant Amerisure is a citizen of the State of Michigan, Defendant Gemini Insurance Company is a citizen of the State of Delaware, Defendant Knight Specialty Insurance Company is a citizen of the State of Delaware, Defendant Mid-Continent Casualty Company is a citizen of the State of Ohio, Defendant Pennsylvania Lumbermens Mutual Insurance Company is a citizen of the State of Pennsylvania, Defendant Southern-Owners Insurance Company is a citizen of the State of Michigan, Defendant United Specialty Insurance Company is a citizen of the State of Delaware, and Defendant Westfield Insurance Company is a citizen of the State of Ohio. Next, the statutory requirement that the amount in controversy exceed $75,000, exclusive of interest and costs, has been met because Plaintiff Fountain Parke seeks a recovery of indemnity costs under commercial general liability policies, which exceed the jurisdictional limit. *See* Exhibit "A" and the Complaint. Finally, Amerisure has complied with all of the procedural requirements, including the time requirements, set forth in 28 U.S.C. §1446(b). Amerisure was provided with Fountain Parke's Complaint on May 14, 2021[1]; Amerisure filed

---

[1] Amerisure's agent for service in Florida received the Summons and Complaint on May 14, 2021 while the Summons and Complaint were provided to Amerisure on May 19, 2021.

and served the present Notice of Removal within thirty days of its notice of the Complaint, making removal timely and proper. Therefore, removal of this action to the present Court is appropriate.

WHEREFORE, Defendant, Amerisure Insurance Company, respectfully requests that this Court assume full jurisdiction over the cause herein as provided by law.

Dated June 7th, 2021          Respectfully submitted,

By:  /s/ *Andrew F. Russo*
Andrew F. Russo
Florida Bar # 508594
Rywant, Alvarez, Jones, Russo, & Guyton, P.A.
302 Knights Run
Suite 1000
Tampa, FL 33602
Tel.: 813-229-7007
arusso@rywantalvarez.com

Attorney for Amerisure Insurance Company

## **CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a copy hereof has been electronically served via Florida ePortal to Kelly M. Corcoran, kcorcoran@balljanik.com, Patrick J. Button, pbutton@balljanik.com, and also at slee@balljanik.com and orlandodocket@balljanik.com, on this 7th day of June, 2021. button@balljanik.com

By: /s/ *Andrew F. Russo*
Andrew F. Russo
Florida Bar # 508594
Rywant, Alvarez, Jones, Russo & Guyton, P.A.
302 Knights Run
Suite 1000
Tampa, FL  33602
Tel.: 813-229-7007
arusso@rywantalvarez.com

Attorney for Amerisure Insurance Company